IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAYALI AL-MANSOUR          :
                                                 :
                                               :
   v.                                        :      Civil No. CCB-10-1729
                                               :
                                               :
MUHAMMAD ALI SHRAIM     :
                                               :
                                             :

## MEMORANDUM

Layali Al-Mansour has sued Muhammad Ali Shraim for financial support pursuant to a Form I-864 Affidavit of Support that the defendant signed to sponsor his wife's application for permanent residency. Now pending before the court is the defendant's motion to dismiss and cross-motions for summary judgment. The issues in these motions have been fully briefed and no oral argument is necessary. For the reasons stated below, the defendant's motion to dismiss will be denied and his motion for summary judgment will be granted in part and denied in part. The plaintiff's motion for partial summary judgment will be granted.

## BACKGROUND

Ms. Al-Mansour, a citizen of Jordan, married Mr. Shraim, a United States citizen, in 2007. During the first two years of their marriage, the couple lived in Dubai, United Arab Emirates, where Mr. Shraim worked as a systems engineer for Cisco, International. In March 2009, the couple visited the United States, in part, to enable Ms. Al-Mansour to complete the process of obtaining her green card. As part of this process, Mr. Shraim signed a Form I-864 Affidavit of Support, agreeing to sponsor Ms. Al-Mansour and provide her with the necessary

support to maintain her at an income of at least 125 percent of the federal poverty guideline. The couple stayed in Maryland for approximately forty days during this trip, but never established a permanent residence together in the country.

On November 7, 2009, Mr. Shraim left their marital home in Dubai and returned to the United States with the couple's child, allegedly without Ms. Al-Mansour's knowledge or consent. Mr. Shraim took up residence in Germantown, Maryland. On November 15, 2009, Ms. Al-Mansour followed Mr. Shraim to the United States and filed for divorce and custody of the couple's child in the Circuit Court for Montgomery County. In June 2010, the Circuit Court granted Mr. Shraim custody of the couple's child.[1] Ms. Al-Mansour has appealed the decision to the Maryland Court of Special Appeals. The couple's divorce is still pending in state court.

On June 28, 2010, Ms. Al-Mansour filed this claim to enforce Mr. Shraim's financial obligations under the affidavit. Mr. Shraim filed a motion to dismiss on August 30, 2010. On September 8, 2010, Ms. Al-Mansour opposed the motion to dismiss and filed a motion for partial summary judgment on the issue of liability. In response, Mr. Shraim filed a motion for summary judgment on October 2, 2010, which Ms. Al-Monsour has opposed.

## ANALYSIS

### A.  Motion to Dismiss

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.

---

[1] According to the plaintiff, this decision was based on Mr. Shraim's superior financial resources.

1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Mr. Shraim contends that the plaintiff's complaint should be dismissed for three reasons: (1) the Form I-864 Affidavit of Support is a contract of adhesion and therefore unenforceable; (2) the plaintiff failed to plead a sufficient factual basis for her claim; and (3) the couple's ongoing divorce proceeding in state court deprives this court of subject matter jurisdiction over this case.

1. *Contract of Adhesion*

Under federal law, immigrants who are likely to become a public charge are ineligible for admission into the United States, 8 U.S.C. § 1182(a)(4), unless their applications for admission are accompanied by an I-864 Affidavit of Support Form ("affidavit"), *see* 8 U.S.C. §§ 1182(a)(4)(B)(ii); 1183a(a)1. A person petitioning for the admission of a family-sponsored immigrant must also sign a Form I-864 Affidavit of Support. 8 U.S.C. 1182(a)(4)(C)(ii). This affidavit is considered a legally enforceable contract between the sponsor and the sponsored immigrant. *Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008). The signing sponsor submits himself to the personal jurisdiction of any federal or state court in which a civil lawsuit to enforce the affidavit has been brought. *See* 8 U.S.C. 1183a(a)(1)(C). The sponsor's obligation under the affidavit does not terminate in the event of divorce. *See Shumye*, 555 F. Supp. 2d at 1024.

Mr. Shraim contends that the Form I-864 Affidavit of Support is unconscionable because it is a "take it or leave it" contract that provided him with no meaningful choice. (*See* Def.'s Mot. to Dismiss at 2.)[2] Under Maryland law, an unconscionable contract "is made evident by '(1) one party's lack of meaningful choice, and (2) contractual terms that unreasonably favor the other party.'" *Walther v. Sovereign Bank*, 872 A.2d 735, 743 (Md. 2005) (quoting BLACK'S LAW DICTIONARY 1560 (8th ed. 2004)).[3] A contract of adhesion is "usually prepared in printed form, 'drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms.'" *Holloman v. Circuit*

---

[2] In this case, of course, the contract was "drafted" by the federal government and not by either party to this action.
[3] Mr. Shraim relies on Maryland law to support his motion. The court will assume, for the purposes of this motion only, that Maryland law is applicable.

4

*City Stores, Inc.*, 894 A.2d 547, 560 (Md. 2006) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 cmt. b (1971)). Not every contract of adhesion, however, is unconscionable. *Walther*, 872 A.2d at 746 ("The fact that a contract is one of adhesion does not mean that either it or any of its terms are invalid or unenforceable."). A contract of adhesion merely forces a court to look at the contract with special care. *Id.*

While the Form I-864 may be a contract of adhesion under Maryland law, it is not unconscionable. In compliance with federal law, the Form I-864 unambiguously states that by signing the affidavit, the "sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A). The affidavit also explicitly informs the sponsor that he or she "cannot be made to sign a Form I-864 if [he or she] does not want to do so . . . [but] the intending immigrant may not be able to become a permanent resident in the United States." (*See* Form I-864 Affidavit of Support at 6.) Although this is a "take-it-or-leave-it" offer, the sponsor receives a substantial benefit by signing the affidavit. Here, Mr. Shraim gained Ms. Al-Mansour's permanent residence status in the United States. Thus, the Form I-864 is not an unconscionable contract.[4]

    2. *Insufficiently Pled Complaint*

Mr. Shraim also contends that Ms. Al-Mansour complaint fails to state facts sufficient to support a claim under the Form I-864. (*See* Def.'s Mot. to Dismiss at 7-9.) Mr. Shraim argues that Ms. Al-Mansour "has failed to adequately plead [that Mr. Shraim's] obligation to provide support to her pursuant to the Form I-864 is due." (*Id.* at 7.) Under the Form I-864 affidavit, Ms.

---

[4] Numerous courts have found the Form I-864 to be valid and enforceable. *See, e.g.*, *Shumye*, 555 F. Supp. 2d at 1023-24; *Baines v. Baines*, 2009 WL 3806131, at *6-7 (Tenn. Ct. App. Nov. 13, 2009); *Cheshire v. Cheshire*, 2006 WL 1208010, at *4 (M.D. Fla. May 4, 2006).

5

Shraim is legally obligated to provide Ms. Al-Mansour with an annual income that is not less than 125% of the federal poverty line. In her complaint, Ms. Al-Mansour avers that Mr. Shraim executed a Form I-864 Affidavit of Support on her behalf and that she is currently unemployed and has no income of her own. (*See* Compl. ¶¶ 8, 18.) Ms. Al-Mansour has therefore stated a claim under 8 U.S.C. § 1183a.

### 3. *Lack of Subject Matter Jurisdiction*

Finally, Mr. Shraim contends that this court lacks subject matter jurisdiction over Ms. Al-Mansour's claim because of the parties' pending divorce action in state court. (*See* Def.'s Mot. to Dismiss at 9.) This court has subject matter jurisdiction over this case because Ms. Al-Mansour's claim involves a federal statute. *See* 28 U.S.C. § 1331. The couple's divorce action in state court does not deprive the court of its jurisdiction. Although the result of the couple's divorce proceedings may be relevant to the determination of damages in this case, *see Younis v. Farooqi*, 597 F. Supp. 2d 552, 555 (D. Md. 2009), it is not relevant to the determination of Mr. Shraim's liability under 8 U.S.C. § 1183a. If Ms. Al-Mansour is awarded alimony pursuant to the couple's divorce judgment, then this court can adjust any damages she might receive through this action. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

### B. Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its

very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

    1.    *Defendant's Motion for Summary Judgment*

As an initial matter, the plaintiff concedes that Mr. Shraim fulfilled his obligations pursuant to the Form I-864 Affidavit of Support while the couple lived together as husband and wife. She maintains, however, that Mr. Shraim failed to provide support for her at 125% of the poverty threshold since her entry into the United States on November 14, 2009. (*See* Pl.'s Reply at ¶ 10.) The terms of the Form I-864 provide for the appropriate "measure of damages that would put plaintiff in as good a position as she would have been had the contract been

performed." *Shumye*, 555 F. Supp. 2d at 1024 (internal citation omitted). To determine the appropriate damages, courts compare the plaintiff's annual income for the particular years at issue, rather than the aggregate income for the entire period, against the 125% poverty threshold for each particular year. *Id.* at 1024-25. A sponsor may also be held liable for legal fees and other costs of collection. *See* 8 U.S.C § 1183a(c). Because the court compares the plaintiff's income for each year against the 125% poverty threshold and Ms. Al-Mansour admits that her husband supported her above this threshold at least through November 14, 2009, the court will grant partial summary judgment in favor of Mr. Shraim with respect to 2009. The only remaining year in dispute is 2010.

Mr. Shraim first contends that he is entitled to summary judgment for his 2010 financial obligations because 2010 had not yet come to a close and that his obligations, therefore, had not yet matured. Even if Mr. Shraim were correct that his obligation to provide support for 2010 did not mature until the year's end, the year has come to a close. His obligation has therefore "matured." Second, Mr. Shraim contends that he is entitled to summary judgment because Ms. Al-Mansour's income for 2010 exceeded 125% of the poverty threshold. Mr. Shraim contends that he transferred property known as Apartment 122 constructed on Lot Number 575 in basin 6 on Tlaa' Al-Ali, located in Amman, Jordan to his wife in 2007. Mr. Shraim alleges that Ms. Al-Mansour transferred this property in June 2010 to her mother and kept profits from the sale as her own. Mr. Shraim further contends that this property was worth at least $30,000 USD. To support his argument, Mr. Shraim offers Ms. Al-Mansour's financial statement filed with the Circuit Court for Montgomery County as proof that she once claimed the land as an asset and a Land Record Registry from Northern Amman as proof that she transferred the property in 2010.

(*See* Def.'s Mot. for Summ. J., Ex. 6, 7.)

For the purposes of this motion, where all reasonable inferences must be drawn in favor of Ms. Al-Mansour, the defendant's exhibits are not sufficient to demonstrate that Ms. Al-Mansour's income for 2010 exceeded 125% of the poverty threshold. Mr. Shraim provides no evidence that proceeds from the sale exceeded 125% of the poverty threshold, that the proceeds were transferred to Ms. Al-Mansour, or that she derived any other income from the property. Ms. Al-Mansour also alleges that as of the summer of 2010, the mortgage holder on the property had taken steps to foreclose on the property. (*See* Pl.'s Reply at ¶ 5.) Thus, Mr. Shraim has failed to establish based on undisputed facts that he did not breach his I-864 affidavit obligation for the year of 2010. Accordingly, the defendant's motion for summary judgment with respect to the year of 2010 will be denied.

2.  *Plaintiff's Partial Motion for Summary Judgment*

The plaintiff concedes that there is a genuine dispute as to Ms. Al-Mansour's income and that summary judgment would not be appropriate on the issue of damages. Ms. Al-Mansour, however, has moved for partial summary judgment as to Mr. Shraim's liability under the Form I-864 Affidavit of Support. Ms. Al-Mansour alleges that Mr. Shraim's admission that he sponsored the plaintiff and executed the I-864 affidavit is sufficient to enter partial summary judgment against him on the issue of liability. (*See* Pl.'s Reply at ¶ 13.) The record also reflects that Ms. Al-Mansour has had no outside income in 2010. (*See* Def.'s Opp'n to Partial Summ. J., Al-Mansour Financial Statement for the Circuit Court for Montgomery County.)

Here, there is no dispute that Mr. Shraim signed the Form I-864 Affidavit of Support. Furthermore, the court finds that the affidavit is a valid contract. Mr. Shraim contends, however,

that he fulfilled his obligation to provide Ms. Al-Mansour with income exceeding the 125% poverty level through property he gifted to her in 2007. Mr. Shraim alleges that this gift was part of his "then and on-going financial support of his spouse." (*See* Def.'s Opp'n to Partial Summ. J. at 4.) Beyond this gift, Mr. Shraim concedes that he has failed to provide any other type of financial support for Ms. Al-Mansour during 2010. (*See* Shraim Aff.) Because the court must compare the plaintiff's income *for each year* against the 125% poverty threshold, *Shumye*, 555 F. Supp. 2d at 1024-25, Mr. Shraim's gift of property to Ms. Al-Mansour in 2007 cannot be considered as part of her income in 2010. In 2010, this property would be considered Ms. Al-Mansour's asset, not income given to her by Mr. Shraim. As explained above, there is a genuine dispute as to whether that asset produced any income for Ms. Al-Mansour in 2010. Accordingly, the plaintiff's motion for partial summary judgment on the issue of liability will be denied without prejudice, except to the extent of finding a valid and enforceable contract as noted above.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss will be denied. The defendant's motion for summary judgment will be granted for the year of 2009 and denied without prejudice for the year of 2010. The plaintiff's motion for partial summary judgment on the issue of liability will also be denied without prejudice.

February 2, 2011                                              /s/
Date                                                             Catherine C. Blake
                                                                 United States District Judge