# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAYALI AL-MANSOUR | : |
| v. | : Civil No. CCB-10-1729 |
| MUHAMMAD ALI SHRAIM | : |

## MEMORANDUM

Now pending before the court is Mr. Shraim's pro se motion to alter or amend the court's April 14, 2011, opinion granting summary judgment in favor of Ms. Al-Mansour and entering a judgment against him in the amount of $16,940.61. For the following reasons, Mr. Shraim's motion will be denied.

## ANALYSIS

Mr. Shraim seeks relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Because Mr. Shraim's motion was filed fewer than ten days after entry of judgment, it is appropriately treated as a motion to alter or amend judgment, made pursuant to Rule 59(e). *See Knowles v. Mutual Life Ins. Co. of New York*, 788 F.2d 1038, 1040 (4th Cir. 1986). Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th

Cir. 1998) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2801.1 (1995)). Although "there are 'circumstances when a motion to reconsider may perform a valuable function,' . . . it [is] improper to use such a motion to 'ask the Court to rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Mr. Shraim argues that the court's entry of summary judgment in Ms. Al-Mansour's favor should be altered on two grounds: (1) new evidence establishes that, in 2010, Ms. Al-Mansour received income in the form of a housing subsidy and profits from the sale of property in Jordan, and (2) Ms. Al-Mansour won summary judgment by defrauding the court and lying under oath about the nature of financial support she received from family and friends. Both of Mr. Shraim arguments must fail. First, the "new" evidence Mr. Shraim offers regarding Ms. Al-Mansour's alleged housing subsidy, opening statements made by Ms. Al-Mansour's attorneys during custody and divorce proceedings, is not newly discovered. Even if the opening statements could be considered evidence, which is doubtful, the statements were made on May 17, 2010 and January 18, 2011, well before Mr. Shraim filed his opposition to Ms. Al-Mansour's motion for summary judgment. Second, the letter from the Jordanian land department Mr. Shraim offers as "new" evidence demonstrating that Ms. Al-Mansour sold property for profit in 2010 was considered by the court in its opinion granting Ms. Al-Mansour summary judgment. *See Al-Mansour v. Shraim*, No. 10-1720, 2011 WL 1457102, at *3 (D. Md. Apr. 14, 2011). The court held that the letter "did not provide evidence that Ms. Al-Mansour received income from the sale of the property." *Id.* Finally, Mr. Shraim provides no evidence that the affidavits and promissory notes indicating that any financial support from her family and friends were loans, and submitted

by Ms. Al-Mansour in support of her motion for summary judgment, were fraudulent. There is simply no evidence that Ms. Al-Mansour defrauded the court or lied under oath. Accordingly, Mr. Shraim's motion to alter or amend the court's judgment will be denied. A separate Order follows.

April 25, 2011                                /s/
Date                                          Catherine C. Blake
                                                United States District Judge